**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI, FLORIDA**

**SATRINA HUGHLEY,**

       **Plaintiff,**                                    **CASE NO.:**

**vs.**

**LOWE'S HOME CENTERS, LLC,**

       **Defendant.**

_____/

**DEFENDANT, LOWE'S HOME CENTERS, LLC.'S**
**NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §1332, 1441, and 1446, Defendant, LOWE'S HOME CENTERS, LLC (hereinafter referred to as "Defendant" or "Lowe's"), hereby removes to this Court the action filed against it in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Civil Division, Case Number 2020-025399-CA-01. As grounds for removal of this action to the United States District Court for the Southern District of Florida, Miami Division, Defendant, Lowe's, states as follows:

**INTRODUCTION/FACTUAL BACKGROUND**

1. On or about November 24, 2020, Plaintiffs filed this suit in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Civil Division, styled, *Satrina Hughley, Plaintiff, vs. LOWE'S HOME CENTERS, LLC, Defendant,* Case Number 2020-025399-CA-01 (hereinafter referred to as the "State Court Action").

2. A copy of all process, substantive pleadings, and all orders served in the State Court Action are included with this filing as **Composite Exhibit A**.

3. Defendant was served with the State Court Action in the form of Plaintiff's Complaint on June 18, 2021.

4. Defendant first ascertained that this case was one which is removable no earlier than June 18, 2021, which was the date a copy of the Plaintiffs Complaint was served by Personal Service to the designated agent for Lowe's. This Notice is timely filed as it is filed within thirty (30) days of the earliest date that Defendant ascertained that this case was removable. Defendant has not previously filed a Notice of Removal of this matter in this Court.

5. Venue of this removal is proper under 28 U.S.C. §1441(a) to the Southern District of Florida, Miami Division because the Eleventh Judicial Circuit in and for Miami-Dade County, Florida is within the Southern District of Florida, Miami Division.

6. Defendant, Lowe's Home Centers, LLC is a citizen of the State of North Carolina. Lowe's is a North Carolina corporation with its principal place of business in North Carolina. *See* printout of Lowe's Home Centers, LLC's 2020 annual report filed with Florida's Secretary of State, **attached as Exhibit B**.

7. The Plaintiff in this matter is "Satrina Hughley"." *See* Pls.' Compl. included in **Composite Exhibit A**.

8. As explained in more detail below, the Plaintiff is a citizen of the State of Florida.

9. Plaintiffs have filed a negligence action against the Defendant in the Circuit Court in and for Miami-Dade County. This Court has exclusive jurisdiction of all matters in which the amount of controversy exceeds $30,000, exclusive of interest, costs, and attorney's fees. Fla. Stat. Sect. 34.01(1)(c). The Circuit Court's jurisdiction is one in which the monetary threshold is simply a floor, and not a ceiling.

10. Written notice of this filing is being promptly given to counsel for Plaintiff and a Notice of filing this Notice of Removal is being promptly filed with the Clerk of the Court for the

Eleventh Judicial Circuit in and for Miami-Dade County, Florida as required by 28 U.S.C. §1446(d). A copy of this Notice is included with this filing.

## MEMORANDUM OF LAW

This action may be removed pursuant to 28 U.S.C. §1441(a) and this Court has original jurisdiction of this matter under the provisions of 28 U.S.C. §1332 because: (a) complete diversity of citizenship exists between the Plaintiff and the Defendant; and (b) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PARTIES

### The Plaintiff is a Citizen of the State of Florida

Allegations of residency are insufficient, without more, to establish Plaintiff's citizenship because "[a] person is not necessarily a citizen of, or domiciled in, the State in which he resides in any given moment." *Jones v. Law Firm of Hill & Ponton*, 141 F. Supp. 2d 1349, 1355 (M.D. Fla. 2001). In order to determine diversity jurisdiction, this Court must look to the "totality of the evidence." *Id.* In addition, to determine domicile "[a] Court should consider both positive evidence and presumptions." *Id*. Due to the fact that Plaintiff's Complaint was vague as to Plaintiff's citizenship (other than the allegation in Paragraph 2 that the Plaintiff is a resident of Miami-Dade County, Lowe's reviewed medical records and billing information provided by Plaintiffs. If removal is based on documents other than the Plaintiffs initial pleading, it is significant that those documents, such as medical records, come from the Plaintiff. *See Lowery v. Alabama Power Co.* 483 F.3d 1184, 1213 N. 63, 1215 (Eleventh Cir. 2007).

Pertinent medical records provided by Plaintiff to Lowe's establish that the Plaintiff lives in Miami, Florida. Considering the "totality of the evidence," the Plaintiff is not only a resident of Miami-Dade County, Florida but is also a citizen of the State of Florida.

The Plaintiff is not a citizen of the State of North Carolina for the purpose of diversity jurisdiction pursuant to 28 U.S.C. §1332. As seen in **Exhibit B**, however, Defendant is a foreign limited liability company with its principal place of business in North Carolina. Therefore, diversity of citizenship exists between the parties.

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

The amount in controversy, despite the dollar amount of any damages claimed by Plaintiffs, is "the value of the relief being sought by Plaintiff in its complaint". *Viacom, Inc. v. Zebe*, 882 F. Supp. 1063, 1065 (S.D. Fla. 1995). Plaintiffs Complaint, **Composite Exhibit A**, and the injuries allegedly suffered in the medical records provided by Plaintiffs, provides sufficient evidence that the amount in controversy requirement has been met in this case. Lowe's position that the jurisdictional amount has been met in this matter is not an endorsement as to the accuracy of any of the allegations of legal responsibility and causation in Plaintiffs Complaint and pre-suit demand. Plaintiffs original Complaint alleges that the amount in controversy is in excess of thirty thousand dollars ($30,000). Plaintiffs also previously provided Lowe's with a prior "demand" for payment totaling $205,000.00. According to the medical records and bills provided to Lowe's by Plaintiff, Satrina Hughley, Plaintiff allegedly suffered a multitude of injuries, to include an injury to her knee that required surgical intervention. Plaintiff has provided medical billing in this matter that in the original totals $155,450.09.

In addition to the medical bills for which Plaintiff will be seeking payment, the Plaintiff will also be seeking damages for pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, loss of earnings, loss of the ability to earn money, and aggravation of any preexisting injuries. A jury in this case will not be instructed as to a limit or

boundary beyond which they may not award damages. Plaintiff's claimed damages on their face meet the requirement for diversity jurisdiction.

Accordingly, the amount in controversy likely exceeds $75,000 exclusive of interest and costs and the Plaintiffs are otherwise waived or estopped from failing to raise this ground in the prior removal.

## **CONCLUSION**

It is proper for this Court to exercise subject matter jurisdiction over this matter as all requirements for diversity jurisdiction have been met. The amount in controversy exceeds the jurisdictional amount and complete diversity of citizenship exists between the Plaintiff and the Defendant.

**WHEREFORE**, Defendant, LOWE'S HOME CENTERS, LLC, respectfully requests that the State Court action now pending in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida be removed to the United States District Court for the Southern District of Florida, Miami Division, and further requests that this Court assume jurisdiction over this action as provided by law.

*(Signature on the following page)*

Dated: July 13, 2021          Respectfully Submitted,

/s/ Andrew W. Bray

Andrew W. Bray, Esq.
Florida Bar No. 752401
**VERNIS & BOWLING OF MIAMI, P.A.**
1680 N.E. 135th Street
North Miami, Florida 33181
Phone: (305) 895-3035
Fax: (305) 892-1260
Email: abray@florida-law.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing was served by uploading to the CM/ECF system and by email on July 13, 2021 on all counsel or parties of record on the Service List Below.

/s/ Andrew W. Bray
Andrew W. Bray, Esq.

## SERVICE LIST

**Robert Behar, Esq.**
Law Offices of Robert Behar, P.A.
7900 SW 57th Avenue, Suite 9
South Miami, FL 33143
rbehar@robertbeharlaw.com