IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

SATRINA HUGHLEY,   GENERAL JURISDICTION DIVISION

    Plaintiff,   CASE NO.:

v.

LOWE'S HOME CENTERS, LLC,   **COMPLAINT**

    Defendant.

_____/

EXHIBIT A

Plaintiff, SATRINA HUGHLEY, sues the Defendant, LOWE'S HOME CENTERS, LLC ("LOWE'S") and alleges as follows:

1. This is an action for damages that exceeds Thirty Thousand Dollars ($30,000.00).

2. Plaintiff was and is a resident of Miami-Dade County, Florida and otherwise sui juris.

3. Defendant, LOWE'S, was and is a Foreign Limited Liability Company authorized to and doing business in Miami-Dade County, Florida.

4. Venue is proper in this County because the Defendant does business in Miami-Dade County and/or Plaintiff's cause of action arose in Miami-Dade County.

5. At all times material hereto, LOWE'S, owned, operated, and/or maintained a retail store located at 1850 NE 8th Street, Homestead, Florida 33033.

6. At all times material hereto, Plaintiff was an invitee of the Defendant.

**COUNT I – NEGLIGENCE**

7. Plaintiff realleges and restates the allegations in paragraphs 1 through 7 as if fully set forth herein.

8. At all material times, and specifically on November 26, 2016, LOWE'S owned, managed, controlled, operated, and/or maintained the premises located at 1850 NE 8 Street, Homestead, Florida 33033.

9. LOWE'S owed a legal duty to keep the subject premises reasonably safe for individuals, like the Plaintiff, and to correct and/or warn of any hazardous conditions.

10. On or about November 26, 2016, Plaintiff was lawfully on Defendant's premises when she slipped and fell on a transitory foreign substance, to wit, an accumulation/puddle of a clear liquid.

11. LOWE'S, its agents, servants, and/or employees breached the duty owed to the Plaintiff by:

    a. failing to maintain the premises in a reasonably safe condition, to wit, allowing an accumulation of a transitory foreign substance to remain in the path of a business invitee,

    b. creating an unreasonably dangerous slipping hazard,

    c. failing to warn of the subject hazardous condition,

    d. failing to restrict access to the subject hazardous area,

    e. guiding/directing Plaintiff directly through the area of the hazardous condition, and/or

    f. otherwise, negligent as discovery may reveal.

12. LOWE'S, was negligent in creating or permitting the aforementioned dangerous and hazardous condition to remain upon the premises, rendering said premises dangerous and unsafe for the Plaintiff and other invitees.

13. LOWE'S knew or should have known of the aforementioned dangerous condition because of the extensive number of footprints and shopping cart tracks over the hazardous

condition indicating that it existed long enough for a reasonably prudent retailer to have remedied it and/or safeguarded the area.

14. As a result of LOWE'S negligence, Plaintiff slipped and fell and was severely injured.

15. As a result, Plaintiff suffered bodily injury including, but not limited to, a wrist fracture and knee injury requiring a total knee replacement, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff demands judgment for damages against LOWE'S in excess of this Court's jurisdictional limits as well as post-judgment interest and costs of bringing this action as allowed by law, court costs and pre-judgment interest, and all further relief as this Court deems fair, just and equitable.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues so triable.

Dated: November 24, 2020

**LAW OFFICES OF ROBERT BEHAR, PA**
7900 SW 57th Avenue, Suite 9
South Miami, FL 33143
Ph. (305) 264-9700
Fax (305) 264-7900
Email: rbehar@robertbeharlaw.com
Secondary: abegui@robertbeharlaw.com
fbatlle@robertbeharlaw.com

By: s/ Robert Behar
Robert Behar, Esq.
Fla. Bar No.: 151645

# RETURN OF SERVICE

**State of Florida**  **County of Miami-Dade**  **Circuit Court**

Case Number: 2020-025399-CA-01

Plaintiff:
**SATRINA HUGHLEY,**

vs.

Defendant:
**LOWE'S HOME CENTERS, LLC.,**

For:
Robert Behar
LAW OFFICES OF ROBERT BEHAR, P.A.
7900 S.W. 57TH AVENUE
#9
SOUTH MIAMI, FL 33143

Received by CAPLAN AND CAPLAN PROCESS SERVICE on the 15th day of June, 2021 at 1:00 pm to be served on **LOWE'S HOME CENTERS, LLC. BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY, 1201 HAYS STREET, TALLAHASSEE, FL 32301.**

I, ERIC L. LARSON, do hereby affirm that on the **18th day of June, 2021** at **1:00 pm**, I:

served a **LIMITED LIABILITY COMPANY** by serving a **SUMMONS 20 DAY CORPORATE SERVICE, COMPLAINT** with the date and hour of service endorsed thereon by me, to: **CORPORATION SERVICE COMPANY** as **REGISTERED AGENT** of **LOWE'S HOME CENTERS, LLC.**, at the address of: **1201 HAYS STREET, TALLAHASSEE, FL 32301** and informed said person of the contents therein, in compliance with **Florida Statutes 608.463 and 48.062(1).**

**Additional Information pertaining to this Service:**
RONNIE LONG, CLERK FOR RA, WF 25 YRS 5'4 140 LBS BROWN HAIR GLASSES

Under penalty of perjury, I declare that I have read the forgoing Verified return of Service and the facts stated in it are true, that I that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. I also certify that the above-stated facts are correct to the best of my knowledge.. Pursuant to F.S. 92.525(2), Notary not required.

ERIC L. LARSON
CPS #063, 2ND JUDICIAL CIRCUIT

CAPLAN AND CAPLAN PROCESS SERVICE
33 Sw 2nd Avenue
Ste 402
Miami, FL 33130
(305) 374-3426

Our Job Serial Number: CPN-2021017552
Ref: 17552

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2b

Filing # 122673661 E-Filed 03/08/2021 01:19:26 PM

☑ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION<br>☑ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | JUN 15 2021 | SUMMONS 20 DAY CORPORATE SERVICE<br>(a) GENERAL FORMS | CASE NUMBER<br>2020-025399-CA-01 |
|---|---|---|---|
| PLAINTIFF(S)<br>SATRINA HUGHLEY | | VS. DEFENDANT(S)<br>LOWE'S HOME CENTERS, LLC | SERVICE |

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and copy of the complaint or petition in this action on defendant(s): LOWE'S HOME CENTERS, LLC, by serving: CORPORATION SERVICE COMPANY 1201 HAYS STREET TALLAHASSEE, FL 32301-2525

DATE 6/18/21 TIME 10

Eric Larson
Cert. Process Server #063
2nd Judicial Circuit

Each defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney: ROBERT BEHAR, ESQ.

whose address is: Law Offices of Robert Behar, PA
7900 SW 57 Avenue, Suite 9
South Miami, FL 33143

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to 768.28, Florida Statutes, the time to respond shall be 30 days.**" after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| HARVEY RUVIN<br>CLERK of COURTS | _signature_ 32429<br>DEPUTY CLERK | DATE<br>3/10/2021 |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
### ADA NOTICE

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."

CLK/CT 314 Rev. 09/19

Clerk's web address: www.miami-dadeclerk.com

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

CASE NO: 2020-025399-CA-01

SATRINA HUGHLEY,

   Plaintiff,

vs.

LOWE'S HOME CENTERS, LLC

   Defendant
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

 Defendant, **LOWE'S HOME CENTERS, LLC,** by and through the undersigned counsel, files this Answer to the Plaintiff's Complaint and states as follows:

## ANSWER

 1. Defendant admits the allegations contained in paragraphs 1, 3 and 4 for jurisdictional purposes only. The allegations contained in paragraphs 1, 3 and 4 are specifically denied and strict proof is demanded thereof for any and all other purposes.

 2. Any and all allegations not specifically admitted herein are specifically denied and strict proof is demanded thereof.

 3. Defendant is without knowledge as to the allegations contained in paragraphs 2, 6 and 9. Consequently, those allegations are denied, and strict proof is demanded thereof.

 4. Defendant admits the allegations contained in paragraphs 5 and 8.

 5. Defendant specifically denies the allegations contained in paragraphs 10, 11, 12, 13, 14 and 15 and strict proof is demanded thereof.

 6. As to the allegations in paragraph 7, the Defendant repeats its responses to those same paragraphs incorporated therein as if those responses were fully re-written.

<u>Hughley, Satrina v. Lowe's Home Centers, LLC</u>                    <u>Court Case No.: 2020-025399-CA-01</u>

## **AFFIRMATIVE DEFENSES**

7. The Plaintiff was the sole legal cause of the injuries alleged in the Complaint and, therefore, the Plaintiff is barred from recovery as a matter of law. Alternatively, the Plaintiff was comparatively negligent and any recovery in favor of the Plaintiff must be reduced by the percentage of negligence attributable to the Plaintiff.

8. Defendant is entitled to a set-off for any collateral source benefits paid or payable in favor of the Plaintiff.

9. Defendant had no actual or constructive notice of the condition complained of by the Plaintiff prior to the claimed loss and liability may not be imposed absent such notice.

10. The Plaintiff has failed to mitigate damages and is not entitled to recover for those damages which could have been avoided through the use of reasonable care.

11. Plaintiff has failed to mitigate damages because the medical bills are not reasonable and/or necessary; the billing is excessive; the treatment and/or billing was not causally related to the accident; the medical providers have engaged in conduct (excessive billing or treatment) which was not reasonably foreseeable; Plaintiff had health insurance and treated under a Letter of Protection, which is void against public policy and Defendant is entitled to a write-down or setoff pursuant to Section 641.3154, Florida Statutes. If Plaintiff is a Medicare beneficiary, then Defendant is entitled to a write-down or setoff under the Medicare fee schedule.

12. Defendant is entitled to a set-off for any settlement or award obtained by the Plaintiff from any other person or entity, as provided by Florida law.

13. The incidents alleged in the Complaint, if caused by anyone other than the Plaintiff, were caused in whole or in part by third persons over whom this Defendant had no control or legal responsibility.

14. Defendant is not liable to the Plaintiff because the defects or conditions of which the Plaintiff complains were patent and obvious in nature.

15. The liability, if any, of this Defendant shall only be on the basis of percentage of fault, not on the basis of joint and several liabilities pursuant to the provisions of Florida Statute Chapter 768.

## DEMAND FOR JURY TRIAL

This Defendant demands trial by jury of all issues so triable as a matter of right by a jury.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was filed with the clerk of the Court using the Florida Courts E-filing Portal on July 8, 2021 to be served this date on **Robert Behar, Esq.,** Law Offices of Robert Behar, P.A., 7900 SW 57th Avenue, Suite 9, South Miami, FL 33143, via transmission of Notice of Electronic Filing generated by eservice@myfloridacourtaccess.com and/or was sent via electronic mail to the above addressee(s).

**VERNIS & BOWLING OF MIAMI, P.A.**
1680 N.E. 135th Street
North Miami, Florida 33181
Phone: (305) 895-3035
Fax: (305) 892-1260
Email: abray@florida-law.com

Andrew W. Bray, Esq.
Florida Bar No. 752401

AWB/cs
0313-
Doc# 35

|  | IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA |
|---|---|
| SATRINA HUGHLEY, | GENERAL JURISDICTION DIVISION |
| Plaintiff, | CASE NO.: 2020-025399-CA-01 |
| v. | |
| LOWE'S HOME CENTERS, LLC, | **MOTION FOR EXTENSION OF TIME TO SERVE COMPLAINT** |
| Defendant. | |
| _____/ | |

Plaintiff, SATRINA HUGHLEY, by and through undersigned counsel and pursuant to Rule 1.090(b) of the Florida Rules of Civil Procedure, hereby files this Motion for Extension of Time to Serve Defendant, LOWE'S HOME CENTERS, LLC, and states as follows:

1. The Complaint in this action was filed on November 24, 2020.

2. Prior to and since the filing of the Complaint, the undersigned has attempted to amicably resolve this matter with Defendant, LOWE'S HOME CENTERS, LLC, but a settlement has not been reached.

3. The 120-day limit to serve the Complaint upon the Defendant, LOWE'S HOME CENTERS, LLC, will expire on March 24, 2021.

4. The Plaintiff requests a 90-day extension of time, until June 22, 2021, to serve the Defendant, LOWE'S HOME CENTERS, LLC.

WHEREFORE, Plaintiff respectfully requests this Court enter an Order granting Plaintiff a 90-day extension to serve Defendant, LOWE'S HOME CENTERS, LLC.

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed on this 8th day of March, 2021.

**LAW OFFICES OF ROBERT BEHAR, P.A.**
7900 SW 57th Avenue, Suite 9
S. Miami, Florida 33143
Tel: (305) 264-9700
Fax:(305) 264-7900
Email: rbehar@robertbeharlaw.com
Secondary Emails:   abegui@robertbeharlaw.com
　　　　　　　　　　　　fbatlle@robertbeharlaw.com

By: **s/ Robert Behar**
Robert Behar
Fla. Bar No. 151645

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 2020-025399-CA-01
SECTION: CA08
JUDGE: Lourdes Simon

**Satrina Hughley**

Plaintiff(s)

vs.

**LOWE'S HOME CENTERS, LLC**

Defendant(s)

_____/

### ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE COMPLAINT

THIS CAUSE came before the Court ex-parte on Plaintiff's Motion for Extension of Time to Serve Complaint on Defendant, Lowe's Home Centers, LLC. Upon due consideration, the Court finds good cause to grant the requested extension.

ACCORDINGLY, it is hereby ORDERED AND ADJUDGED:

1. Plaintiff's Motion for Extension of Time to Serve Complaint on Defendant is GRANTED.
2. Plaintiff shall have **until June 22, 2021** to serve Defendant with a Summons and Complaint.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 15th day of March, 2021.

2020-025399-CA-01 03-15-2021 10:29 AM

Hon. Lourdes Simon

**CIRCUIT COURT JUDGE**
Electronically Signed

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**

Ana Beguiristain, abegui@robertbeharlaw.com

Felipe Batlle, fbatlle@robertbeharlaw.com

Robert Behar, rbehar@robertbeharlaw.com

Robert Behar, abegui@robertbeharlaw.com

Robert Behar, fbatlle@robertbeharlaw.com

**Physically Served:**