United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Satrina Hughley, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 21-22504-Civ-Scola |
| | ) |
| Lowe's Home Centers, LLC, | ) |
| Defendant. | ) |

### Order Denying Motion for Remand

Plaintiff Satrina Hughley seeks to recover damages from Defendant Lowe's Home Centers, LLC, for injuries she says she sustained when she slipped and fell because of a puddle in one of Lowe's stores. (Compl., ECF No. 7-1.) After Hughley initially filed her case in state court, Lowe's removed it to this Court. (Am. Not. of Removal, ECF No. 7.) Hughley now asks that her case be remanded, back to state court, because, she says, Lowe's has failed to carry its burden of showing that the amount in controversy exceeds the jurisdictional limits of $75,000. (Pl.'s Mot. for Remand, ECF No. 10.) Lowe's opposes the motion (Def.'s Resp., ECF No. 13) and Hughley has timely replied (Pl.'s Reply, ECF No. 14). Upon review of the parties' briefs, the record, and the relevant legal authorities, the Court **denies** Hughley's motion to remand (**ECF No. 10**).

1. **Factual and Procedural Background**

Hughley originally filed her case in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. In her complaint, she says she was "severely injured" as a result of slipping and falling in a puddle at a Lowe's store in Homestead, Florida. (Compl. ¶ 14.) The injuries she lists, occasioned by the fall, include (but, she says, are "not limited to") "a wrist fracture and knee injury requiring a total knee replacement, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost earnings, loss of ability to earn money, and aggravation of a previously existing condition." (*Id.* ¶ 15.) Hughley describes the losses as "either permanent or continuing" such that she "will suffer the losses in the future." (*Id.*)

Lowe's filed its notice of removal, within thirty days of being served with the complaint, asserting the parties are diverse and the amount in controversy has been met. (Def.'s Not. ¶¶ 3–4, 8, 16, 23.) The parties do not dispute either the timeliness of the notice or that the parties' citizenships are diverse.

## 2. Legal Standard

A civil action may be removed from state court to federal district court if the action is within the original jurisdiction of the federal court. 28 U.S.C. § 1441(a). Original jurisdiction exists when a civil action raises a federal question, or where the action is between citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. In evaluating Lowe's motion for remand, the Court is bound to construe the removal statute strictly, so "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

When a complaint does not include a specific claim for damages, "removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2005). "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Id.* at 1319–20. Instead, "a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement." *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). To meet this burden, Lowe's need only show that it is "more likely than not" that the amount in controversy requirements have been met. *Lee-Bolton v. Koppers Inc.*, 848 F. Supp. 2d 1342, 1346 (N.D. Fla. 2011). In evaluating whether the defendant has met this burden, the Court may consider information relating to the amount in controversy in the record of the state-court proceeding, in response to discovery, or in correspondence between the parties. *See Lambertson v. Go Fit, LLC*, 918 F. Supp. 2d 1283, 1285 (S.D. Fla. 2013) (Moore, J.) ("The definition of "other paper" is broad and may include any formal or informal communication received by a defendant.").

## 3. Analysis

Hughley's unspecified demand for damages, in her complaint, requires Lowe's to "prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional amount." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (internal quotation marks and alterations omitted). In support of its position, that the amount in controversy exceed $75,000, Lowe's points to medical records Hughley

provided, showing a total of $155,450.09 in charges. (Def.'s Not. ¶ 23.) Hughley does not deny her medical bills totaled this amount; instead, she argues two points: (1) Lowe's cannot rely on the medical bills because it received them *before* Lowe's was served with the complaint; and (2) "after adjustments by Medicare," her medical bills really only total about $46,617.40, comprised of a May 2020 "Medicare lien" for $25,384.40 and "medical treatment under a letter of protection in the amount of $20,533.00."[1] (Pl.'s Mot. at 6–7.) The Court finds Hughley misses the mark on both points.

As to her first argument, Hughley maintains that a defendant cannot rely on documents received prior to suit. The support she supplies for her position is twofold: (1) a district court case from the Middle District of Florida; and (2) the federal removal statute. As to the Middle District case, the Court is not persuaded. In that case, the defendant there relied on a pre-suit settlement demand letter from the plaintiff to show that the amount in controversy exceeded $75,000. *Depina v. Iron Mountain Info. Mgmt., Inc.*, 3:05-CV-219-J-25MMH, 2005 WL 1319231, at *1 (M.D. Fla. June 1, 2005). Without explaining why, the court in *Depina* inferred that the defendant deemed the demand letter to qualify as the "other paper" as that term is recited in the federal removal statute:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable

*Id.* (emphasis added) (quoting 28 U.S.C. § 1446(b)). Without analysis, the *Depina* court, in a page-long order, simply announced that it was "not inclined to expand the definition of 'other paper'" to include a pre-suit demand letter and, as a result, remanded the case before it. *Id.* Without more, the Court does not find the *Depina* case—from another district, involving a demand letter, rather than medical bills, and without any substantive analysis—persuasive in the context of this case.

Furthermore, the Court finds both Hughley and the *Depina* court's reliance on the recited statutory language misplaced. Hughley looks to the removal statute's reference to "other paper" to support her position that a defendant can only rely on documents received *after* the initiation of a lawsuit to substantiate a case's amount in controversy. (Pl.'s Mot. at 3–4 (citing 28 U.S.C. § 1446).) The Court finds this reasoning flawed: Hughley has conflated

---

[1] The Court recognizes that these figures do not add up but recites them as they are presented by Hughley.

what paper might trigger the thirty-day removal window with what paper or evidence can be used to establish the amount in controversy. Instead, the Court finds the relied upon statutory language, by its plain language, to have little to no bearing on what evidence can ultimately be used to establish a case's amount in controversy. Accordingly, Hughley fails to demonstrate any hurdle to Lowe's relying on the medical bills Hughley supplied simply because Lowe's received them prior to Hughley's initiation of her case. *See Katz v. J.C. Penney Corp., Inc.*, 09-CV-60067, 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) (Cohn, J.) (concluding "pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed").

Next, Hughley does not deny that her medical bills amounted to over $155,000. Instead, she relies on a heavily redacted payment summary form from a "Benefits Coordination & Recovery Center" case analyst which recites $25,384.40 as Medicare's "Total Conditional Payments." (Pl.'s Mot., Ex. A, ECF No 10-1, 9.) Missing from Hughley's presentation, however, is any indication that this amount is finalized or that Hughley is wholly foreclosed from seeking recovery for the remainder of her medical expenses. Indeed, Hughley herself acknowledges that the conditional payment amount does not, in fact, represent the limit of her potential recovery. Instead, she indicates that "based on [her] pre-suit demand and Medicare lien letter," "the past medical expenses in this case total approximately $46,617.40." (Pl.'s Reply ¶ 5; *see also* Pl.'s Mot. at 6 (mentioning an additional $20,533.00 for "medical treatment under a letter of protection").) Hughley herself also acknowledges the non-finality of the information from Medicare, admitting it is possible it could increase. (Pl.'s Reply ¶ 7 (noting only that it is "*unlikely*" that the lien will increase").) Finally, and notably, while Hughley opines she "does not *expect* to recover more than the amount paid by Medicare" (*Id.* ¶ 3 (emphasis added)), nowhere in her briefing or pleading does she avow that she will not pursue or accept an award of damages over $75,000. Without more, then, any amounts that may, perhaps, be set off from expenses for which Lowe's might ultimately found liable, have no bearing on what the amount in controversy was at the time Lowe's removed this case. *See Black v. State Farm Mut. Auto. Ins. Co.*, 10-80996-CIV, 2010 WL 4340281, at *2 (S.D. Fla. Oct. 22, 2010) (Cohn, J.) ("[A]ny set-off to which [d]efendant may be entitled is irrelevant at the jurisdictional stage, as the Court must look at the amount in controversy at the time of removal.") Ultimately, then, Hughley's attempt to overcome the $155,000 plus in medical bills, that she herself acknowledges, falls short.

### 4. Conclusion

For the reasons stated above, the Court **denies** Hughley's motion for remand (**ECF No. 10**).

**Done and ordered**, at Miami, Florida, on December 13, 2021.

Robert N. Scola, Jr.
United States District Judge